JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-2072 PA (RZx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | Fannie Mae (Federal National Mortgage Association) v. Luis Mendez | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Luis Mendez ("Defendant") on December 30, 2011. Plaintiff Fannie Mae's (Federal National Mortgage Association) ("Plaintiff's") Complaint, filed in Riverside County Superior Court, asserts a single cause of action for unlawful detainer. Defendant, who is appearing pro se, seems to assert that this Court has subject matter jurisdiction on the basis 28 U.S.C. § 1443(1), which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the Untied States." 28 U.S.C. § 1443(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

This is the second time that Defendant has filed a Notice of Removal for the same complaint. Defendant's' first Notice of Removal was filed on October 26, 2011, and was assigned case number ED CV 11-1710 PA (RZx). The Court remanded that case sua sponte on November 1, 2011, because neither the complaint nor the Notice of Removal provided adequate support for Defendant's contentions regarding the existence of either diversity or federal question jurisdiction. Defendant filed the current Notice of Removal in an apparent attempt to cure the defect in the first Notice of Removal by alleging a different basis for the removal. Specifically, rather than alleging the existence of a federal question or diversity jurisdiction, Defendant now asserts that the Court possesses jurisdiction pursuant to 28 U.S.C. § 1443(1).

A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-2072 PA (RZx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | Fannie Mae (Federal National Mortgage Association) v. Luis Mendez | | |

subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a second removal. The current Notice of Removal merely contains additional, conclusory allegations that Plaintiff's pursuit of its unlawful detainer action constitutes a denial of Defendant's due process and equal protection rights. These allegations are insufficient. They do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since it was last in this Court. As such, Defendant has impermissibly attempted to remove this action twice. Such successive removals are improper and unjustified.

Moreover, the Notice of Removal's allegations and invocation of 28 U.S.C. § 1443 do not support removal. A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-2072 PA (RZx) | Date | January 5, 2012 |
|---|---|---|---|
| Title | Fannie Mae (Federal National Mortgage Association) v. Luis Mendez | | |

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006).  Defendant does not allege any facts that would support removal under § 1443 and therefore Defendant meets neither part of the Supreme Court's test in Georgia v. Rachel.  There is no allegation or any other indication that Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim.  Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

      For the foregoing reasons, Defendant has failed to meet his burden of showing an adequate basis for this Court's jurisdiction over this action.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Riverside County Superior Court, Case No. MVCL105278.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.